**Zabriq SILALAHI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 04–70023.

Agency No. A79–195–340.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2004.*

Decided Jan. 13, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Norah Ascoli Schwarz, Esq., Margaret M. Newell, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Zabriq Silalahi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's finding that Silalahi did not comply with the one-year filing deadline of 8 U.S.C. § 1158(a)(2)(B). *See Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). Accordingly, we dismiss Silalahi's asylum claim.

We have jurisdiction pursuant to 8 U.S.C. § 1252 over the remaining claims. We review for substantial evidence the IJ's decision to deny withholding of removal, *Hakeem,* 273 F.3d at 816, and relief under CAT, *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003).

Substantial evidence supports the denial of withholding of removal because Silalahi failed to demonstrate that it is more likely than not that he would be subject to persecution if removed to Indonesia. *See Hakeem,* 273 F.3d at 816–17. The event to which Silalahi testified does not rise to the extreme level of harm and suffering that constitutes persecution and does not compel a finding of eligibility for withholding of removal. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003) (holding that insults, harassment, death threats and a beating did not compel eligibility for withholding of removal).

Substantial evidence supports the denial of relief under CAT because Silalahi failed to demonstrate that it is more likely than not that he would be tortured if removed to Indonesia. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

PETITION FOR REVIEW DISMISSED in part, DENIED in part.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).